UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHAD ANDREW ISENBERGER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-113 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Chad Andrew Isenberger (TDCJ #1435299) seeks habeas corpus relief challenging a 2007 conviction for aggravated sexual assault of a child. The respondent filed a motion for summary judgment to which Isenberger has responded. After considering the pleadings, the record and the applicable law, the Court GRANTS the motion for summary judgment.

### I.  BACKGROUND

Isenberger is in custody pursuant to a judgment and sentence of the 23rd Judicial District Court of Brazoria County. He was charged with aggravated sexual assault of a child, with three prior felony convictions alleged for the enhancement of punishment. A jury found him guilty, and the trial court imposed a prison term of forty years. The First Court of Appeals affirmed his conviction. On June 28, 2010, he filed a petition for discretionary review after receiving permission from the Texas Court of Criminal

1

Appeals to do so.[1] On November 10, 2010, the Court of Criminal Appeals refused the out-of-time petition for discretionary review.

Isenberger then filed a state application for writ of habeas corpus. On March 7, 2012, the Texas Court of Criminal Appeals denied the application was denied without written order on the findings of the trial court. Isenberger filed his federal petition on March 28, 2012.

Isenberger's federal petition alleges the following:

    1.    Trial counsel was ineffective for:

        a. failing to investigate
        b. failing to hire an expert witness;
        c. calling Isenberger's wife as a witness;

    2.    Appellate counsel was ineffective for filing an inadequate brief.

## II.    FACTUAL BACKGROUND

Isenberger and his wife lived in a trailer with their two children. The victim, A.A., a thirteen year-old girl, lived next door. A.A. testified that in August 2005, Isenberger performed oral sex and had sexual intercourse with her. H.P., a friend of A.A.'s, testified that she was present on one occasion when Isenberger asked both of them to lift up their skirts and then performed oral sex on A.A.

Defense counsel called Isenberger's wife to the stand. She testified that during August 2005, the living quarters of the trailer were so tight with her family of four that sexual encounters between her husband and A.A. could not have happened during that

---

[1] *See* http://www.search.txcourts.gov/Case.aspx?cn=01-07-00417-CR.

time.  Isenberger's son testified that after his mother moved out of the trailer, he saw his father and A.A. on a couch under some covers.  And two of A.A.'s friends, H.P. and L.Z., were called by the government as rebuttal witnesses and testified that Isenberger had exposed himself to them.  *Isenberger v. State*, No. 01-07-00417-CR, slip. op. (Tex.App.— Houston [1st Dist.] 2008, pet. ref'd.).

### III. STANDARD FOR REVIEW

This petition is reviewed under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the United States Supreme Court.  *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 785 (2011). A state court decision is contrary to federal precedent if it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; (2) confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent; or (3) "is based on an unreasonable determination of the facts in light of the record before the state court."  *Id.*

AEDPA also affords deference to a state court's resolution of factual issues. Under 28 U.S.C. §2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal court must presume the

underlying factual determination of the state court to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV. DISCUSSION

In order to establish a claim for ineffective assistance of counsel, Isenberger must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by it. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A reviewing court need not consider both prongs if the court concludes that petitioner has failed to prove either. *Id.* at 697; *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) (citation omitted).

To show that counsel's performance was deficient, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. He must overcome a strong presumption that his attorney's performance was within the range of professional assistance, and every effort must be made to eliminate the distorting

effect of hindsight. *Id.* Further, a petitioner must overcome the presumption of correctness to which the state court's findings are entitled. *See Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). The central question is not whether this Court ''believes that the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable - a substantially higher standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schiriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, ___ U.S. ___, 131 S.Ct. at 788 (2011) (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem). In this case, Isenberger is not entitled to relief because he has not shown that the state court findings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

### A. *Ineffective Assistance of Trial Counsel*

Isenberger first claims that his trial attorney was ineffective for failing to investigate his allegation that the complainant's father offered money to two State witnesses (H.P. and L.Z.) in exchange for their testimony implicating Isenberger. (ECF No. 12 at 14). Isenberger presented this claim in his state habeas writ, and the trial court

ordered Isenberger's trial attorney to file an affidavit regarding this and other issues. In his affidavit, defense counsel stated that H.P. and L.Z. were witnesses for the State and because he had "full disclosure and discovery" prior to trial, he had read their statements and determined that they would have nothing favorable to say about his client. Based on counsel's affidavit, the trial court found that counsel's actions were not unreasonable and that Isenberger had failed to show ineffective assistance of counsel with respect to these claims. *Ex parte Isenberger*, WR-73,800.

Defense counsel has a duty to "conduct a reasonable amount of pretrial investigation," *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Nealy v. Graham*, 764 F.2d 1173, 1177 (5th Cir. 1985), or "to make a reasonable decision that makes particular investigations unnecessary." *Sonnier v. Quarterman*, 476 F.3d 349, 358 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 691). An attorney will not be found ineffective unless the petitioner specifically alleges what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

The Court finds that Isenberger has not met the burden necessary for establishing that counsel was ineffective for failing to investigate. His criticism of counsel's performance in this regard is unsupported by any specific accounting of the information counsel would have discovered had he interviewed the two witnesses. For example, he does not identify any statements the witnesses ever gave admitting they were bribed or otherwise show how counsel could have proved any such bribes. Isenberger was not denied effective assistance of counsel in this regard.

6

Isenberger also alleges that counsel was ineffective for failing to hire an expert witness to testify regarding the victim's injuries. This claim is essentially one of an uncalled witness. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). Claims regarding a counsel's failure to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and "speculation about what witnesses would have said on the stand is too uncertain." *See id.; Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). A petitioner who alleges ineffective assistance of counsel based on counsel's failure to call a witness (both lay and expert) must demonstrate prejudice by "nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense." *Woodfox*, 609 F.3d at 808 (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Isenberger has not complied with this requirement and instead offers only speculation regarding the possible testimony and benefits of an expert witness at trial. He does not identify any particular expert witness, actual information, or expert opinions that could have been offered in support of his defense.

In his affidavit, Isenberger's attorney explained that he did not call an expert witness regarding the victim's injuries because he saw absolutely no reason or need to do so. For reasons explicitly stated in his affidavit, counsel felt that cross-examination of the witness regarding the victim's injuries would probably have been more damaging than helpful to the defense.

7

The state court found that petitioner was not entitled to relief because counsel's decision was a matter of trial strategy—the risk outweighed the benefit. The state habeas court's rejection of this claim did not involve an unreasonable application of established federal law or one contrary to that established law.

Isenberger next alleges that trial counsel was ineffective because he called Isenberger's wife to testify. This claim must be dismissed because Isenberger failed to exhaust state remedies.

AEDPA requires a prisoner to exhaust all state remedies before filing a federal writ of habeas corpus by presenting them to a state's highest court. 28 U.S.C. § 2254(b)(1)(A); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In Texas, this means a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Whitehead*, 157 F.3d at 387.

Isenberger's out-of-time petition for discretionary review was refused by the Texas Court of Criminal Appeals, and he failed to raise the issue in his state writ. Rather, he claimed in his state application that counsel was ineffective for *not* calling his wife to testify. After counsel submitted his affidavit stating that he did, in fact, put Isenberger's wife on the witness stand, the district judge ruled that the claim should not have been included in the application. Thus, the contrary claim raised in Isenberger's federal petition criticizing trial counsel for calling the wife to testify was not raised in state court.

When a petitioner presents unexhausted claims for federal habeas review, the general rule that a state court must explicitly apply a procedural bar in order for federal

review to be precluded does not apply, and this Court may determine the claim to be procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). If the state court to which a petitioner would be required to present his unexhausted claims would find those claims to be procedurally barred, the federal procedural default doctrine precludes federal habeas review. *Id*. A petitioner may, however, still obtain federal habeas review of a claim that would be denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for the procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996)(citing *Coleman*, 501 U.S. at 750).

If this Court were to require Isenberger to return to the Texas Court of Criminal Appeals to satisfy the exhaustion requirement, that court would find those claims to be procedurally barred under the Texas abuse of the writ doctrine. TEX. CODE CRIM. PRO. ANN. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 Tex. Crim. App. 2000). Even if Isenberger's grounds for cause were sufficient, he fails to show actual prejudice as the result of the alleged violation and he has made no showing that a failure to consider this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Isenberger is thus barred from raising his unexhausted claim in this Court.

### B. Ineffective Assistance of Appellate Counsel

Isenberger also claims that counsel was ineffective on appeal because he filed an inadequate brief. (ECF No. 1 at 6). An accused is constitutionally entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). Isenberger must therefore allege and present facts showing that appellate counsel's representation was deficient and that the deficient performance caused him prejudice, *i.e.,* but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *Strickland,* 466 U.S. at 687-88; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of counsel does not mean that counsel will raise every conceivable nonfrivolous argument on appeal; *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000); rather, it means that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. It is appellate counsel's duty to assess and choose among potential issues and make informed decisions as to the strategic approach. *Jones v. Barnes*, 463 U.S. 745, 749 (1983).

The Texas Court of Criminal Appeals found that Isenberger had not received ineffective assistance of appellate counsel. *See Ex parte Isenberger,* 2012 WL 751015 (Tex. Crim. App. 2012). Isenberger disagrees with the state court's finding but fails to show how the outcome of his direct appeal would have been different but for counsel's actions. His conclusory allegations and speculations regarding arguments that should have been presented, and criticism of arguments that were presented, are unsupported in the record or by probative summary judgment evidence. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)(holding that mere conclusory allegations on a critical issue are

10

insufficient to raise a constitutional issue).  The Court finds no fault with the state court's resolution of this issue. Its adjudication was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court.  No basis for habeas relief is shown on this issue.

### IV.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition.  This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Isenberger has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court will deny the issuance of a Certificate of Appealability.

## V.   CONCLUSION

For the reasons discussed above, the Court **ORDERS** the following:

1.  The motion for summary judgment is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED** with prejudice.

2.  A Certificate of Appealability is **DENIED**.

3.  All other pending motions, if any, are **DENIED**.

SIGNED this 4th day of March, 2013.

                                                    _____
                                                      Gregg Costa
                                               United States District Judge